FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 07 2011

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01035-BNB

JAMES P. SMITH,

    Plaintiff,

v.

WARDEN DANIALS [sic],
GUARD JAVERNICK,
MS. OLMSTED, and
THE UNITED STATES,

    Defendants.

---

### SECOND ORDER DIRECTING PLAINTIFF TO CURE DEFICIENCIES

---

Plaintiff has submitted documents tilted "Petition Against the Defendants for Violation of the Rights of Institutionalized Persons..." and "28 USC 2241, 28 USC 1333." The Court reviewed the documents pursuant to D.C.COLO.LCivR 8.2 and determined that they were deficient. In an order dated April 26, 2011, the Court directed Plaintiff to cure the deficiencies in order to pursue his claims. Although Plaintiff characterizes his "Petitions" as arising under 28 U.S.C. § 2241, the Court found that he is asserting civil rights claims rather than habeas corpus claims. The Court therefore directed Plaintiff to file a Prisoner Complaint within thirty (30) days of the April 26 Order, as well as a § 1915 Motion and Affidavit (or pay the $350.00 filing fee).

On May 31, 2011, Mr. Smith filed a letter (Doc. No. 4) in which he challenges the Court's construction of his claims as arising under the civil rights laws rather than in habeas corpus. However, Plaintiff's argument that prison officials confiscated his

personal copy of a court docket sheet as contraband implicates the conditions of his confinement, not the execution of his sentence. Further, the Court fails to discern the significance of Plaintiff's assertion that § 2241 applies because the BOP has prisons in Arizona "just for sex offenders and 'snitches.'" The crux of Mr. Smith's "Petitions" is that his legal/court mail was seized by prison officials at USP-Florence to prevent him from accessing the courts and that he was transferred to USP-Florence as some form of retaliation by prison officials. As such, Plaintiff's remedy is under the civil rights laws, not in habeas corpus. *See generally Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811-12 (10th Cir. 1997); *Rael v. Williams*, 223 F.3d 1152, 1154 (10th Cir. 2000) (collecting unpublished cases distinguishing conditions of confinement claims from § 2241 actions). Accordingly, it is

ORDERED that Plaintiff shall comply with the directives in the April 26 Order **within thirty (30) days from the date of this order**. Any papers which the Plaintiff files in response to this order must include the civil action number on this order. It is

FURTHER ORDERED that, if the Plaintiff fails to cure the designated deficiencies **within thirty (30) days from the date of this order**, the "Petitions" and the action will be dismissed without further notice. The dismissal shall be without prejudice.

DATED June 7, 2011, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-01035-BNB

James P. Smith
Reg. No. 06505-084
USP Florence - High
PO Box 7000
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on June 7, 2011.

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk