FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 1 4 2011

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01035-BNB

JAMES P. SMITH,

    Plaintiff,

v.

WARDEN DANIALS [sic],
GUARD JAVERNICK,
MS. OLMSTED, and
THE UNITED STATES,

    Defendants.

## ORDER OF DISMISSAL

    Plaintiff, James P. Smith, is in the custody of the federal Bureau of Prisons. He is incarcerated at the United States Penitentiary - High in Florence, Colorado. Mr. Smith initiated this action by filing a "Petition Against the Defendants for Violation of the Rights of Institutionalized Persons . . ." and a second Petition styled "28 USC 2241, 28 USC 1333."

    Magistrate Judge Boyd N. Boland reviewed Mr. Smith's "Petitions" pursuant to D.C.COLO.LCivR 8.2, and determined that they were deficient. In an April 26, 2011 Order, Magistrate Judge Boland directed Mr. Smith to cure the deficiencies if he wished to pursue his claims. Specifically, Magistrate Judge Boland found that Mr. Smith's claims arise under the civil rights laws, not 28 U.S.C. § 2241 (habeas corpus). Magistrate Judge Boland therefore directed Mr. Smith to file a Prisoner Complaint within thirty (30) days of the April 26 Order, as well as a § 1915 Motion and Affidavit (or pay

the $350.00 filing fee).

On May 31, 2011, Mr. Smith filed a letter (Doc. No. 4) challenging the Court's construction of his claims as arising under the civil rights laws, rather than in habeas corpus. On June 7, 2011, Magistrate Judge Boland issued a Second Order Directing Plaintiff to Cure Deficiencies. Magistrate Judge Boland advised Mr. Smith in the June 7 Order that his allegations against prison officials implicate the conditions of his confinement, not the execution of his sentence—confiscation of his personal copy of a court docket sheet as contraband; seizure of his legal/court mail to prevent him from accessing the courts; and, his retaliatory transfer to USP-Florence. As such, Mr. Smith's remedy is under the civil rights laws, not in habeas corpus. *See generally Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811-12 (10th Cir. 1997); *Rael v. Williams*, 223 F.3d 1152, 1154 (10th Cir. 2000) (collecting unpublished cases distinguishing conditions of confinement claims from § 2241 actions). Magistrate Judge Boland therefore ordered Mr. Smith to comply with the directives in the April 26 Order within thirty (30) days from the date of the June 7 Order. Mr. Smith was warned that if he failed to comply with the April 26 and June 7 Orders, the "Petitions" and this action would be dismissed without prejudice and without further notice.

Mr. Smith has not filed a Prisoner Complaint challenging his conditions of confinement pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), *see, e.g., Richards v. Bellmon*, 941 F.2d 1015, 1018 (10th Cir. 1991), or pursuant to 28 U.S.C. §§ 1331 or 1361, *see Simmat v. United*

2

*States Bureau of Prisons*, 413 F.3d 1225, 1235-36 (10th Cir. 2005), as directed in the April 26 Order.   Mr. Thompson has therefore failed to comply with the April 26 and June 7 Orders.   Accordingly, it is

ORDERED that the Petitions and this action are dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for the failure of Plaintiff, James P. Smith, to comply with the orders to cure dated April 26, 2011 and June 7, 2011.

DATED at Denver, Colorado, this __14th__ day of ____July____, 2011.

BY THE COURT:


__s/Lewis T. Babcock__
LEWIS T. BABCOCK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-01035-BNB

James P. Smith
Reg. No. 06505-084
USP Florence - High
PO Box 7000
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER and JUDGMENT** to the above-named individuals on July 14, 2011.

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk